**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFIK MNATSAKANYAN, | No.   14-72173 |
| Petitioner, | Agency No. A071-117-549 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Rafik Mnatsakanyan, a native of Iran and a citizen of Armenia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's findings of fact, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's determination that Mnatsakanyan failed to establish his and his brother's Iranian birth was one central reason for any past mistreatment he suffered in Armenia or for his brother's death. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Substantial evidence also supports the agency's determination that Mnatsakanyan failed to establish an objectively reasonable fear of future persecution on account of his Iranian birth or his ties to the United States. *See Nagoulko v. INS*, 333 F.3d 1016, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, we deny the petition for review as to Mnatsakanyan's claim for asylum.

Because Mnatsakanyan failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Mnatsakanyan failed to show it is more likely than not that he would be

tortured by or with the consent or acquiescence of the Armenian government if returned.  *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**